IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00219-RMR-SBP

JOSEPH ROOS,

    Plaintiff,

v.

MICHELLE RUFFINI,
ROBIN GARRELTS,
JESSICA ARCHULETA, and
CHRISTINA ORTIZ-MARQUEZ,

    Defendants.

## DEFENDANT GARRELTS AND ARCHULETA'S MOTION TO STAY DISCOVERY

Defendants Robin Garrelts and Jessica Archuleta, through the Colorado Attorney General, respectfully move this Court to stay discovery pending resolution of their motion to dismiss this action for failure to state a claim at ECF No. 97. In support, Defendants state as follows:

### STATEMENT REGARDING CONFERRAL

Because Plaintiff Joseph Roos is a *pro se* prisoner, Garrelts and Archuleta were not required to confer with Roos prior to the filing of this motion pursuant to D.C.C<small>OLO</small>.LCivR 7.1(b).

### NATURE OF THE CASE

Roos is a *pro se* inmate in the custody of the Colorado Department of Corrections ("CDOC"). Roos filed the instant action pursuant to 42 U.S.C.§ 1983 alleging that the Defendants violated his rights under the First and Fourteenth

Amendments. Specifically, Roos alleges that Garrelts and Archuleta were Sex Offender Treatment and Monitoring Program ("SOTMP") supervisors who violated his constitutional rights while he was housed at Arkansas Valley Correctional Facility by improperly censoring incoming photographs and by reclassifying him as a "high-risk" sex offender.

Garrelts and Archuleta filed a motion to dismiss Roos' complaint in its entirety on November 11, 2024. ECF No. 97. Defendants argued that (1) Roos did not allege that the censorship of his incoming mail was not related to a legitimate penological purpose, nor that the censorship of his mail was not the least restrictive means of furthering a legitimate government interest; (2) Roos was provided the minimal procedural safeguards required when rejecting or censoring mail; (3) Roos failed to plead any non-conclusory facts to support a retaliation claim; (4) Roos does not have a protected liberty interest in a sex offender subclassification; (5) Roos failed to sufficiently plead a state law civil conspiracy claim; and (6) Defendants Garrelts and Archuleta were entitled to qualified immunity. *Id*. at 5. Garrelts and Archuleta now respectfully move to stay discovery as to them pending resolution of their motion.

## ARGUMENT

### I. The Court should stay discovery until Defendants Garrelts and Archuleta's qualified immunity defense is resolved.

As government officials who are being sued for damages in each of their individual capacity, Garrelts and Archuleta are entitled to raise (and did raise) the defense of qualified immunity. Qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Essentially, it provides "immunity from suit rather than a mere defense to liability." *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1990); *see also Sawyer v. County of Creek*, 908 F.2d 663, 665 (10th Cir. 1990), *overruled on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

The Supreme Court and the Tenth Circuit have recognized that when a defense of qualified immunity has been raised, discovery should not be allowed until the question of immunity is resolved. *See Siegert*, 500 U.S. at 231; *Sawyer*, 908 F.2d at 665; *Bella v. Chamberlain*, 24 F.3d 1251, 1259 n.10 (10th Cir. 1994) (noting that qualified immunity shields a defendant from the burdens of discovery). Indeed, the Supreme Court has recognized that preventing discovery "is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Iqbal*, 556 U.S. at 685 (quoting *Siegert*, 500 U.S. at 236); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) ("the [immunity] defense is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery" (quotation marks omitted)).

Consequently, the Supreme Court has held that once a defendant pleads a defense of qualified immunity, discovery should not be allowed until the threshold immunity question is resolved. *Siegert*, 500 U.S. at 231. Because Garrelts and Archuleta raised the defense of qualified immunity, this Court should stay discovery until

the immunity issue is resolved. *Id*.; *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Bella*, 24 F.3d at 1259 n.10; *Sawyer*, 908 F.2d at 665. To provide Garrelts and Archuleta relief from the burdens of litigation while their qualified immunity defense is resolved, a stay of discovery and other litigation tasks is necessary.

    **II.    This Court should stay discovery as an exercise of the Court's discretion.**

This Court should exercise its discretion to stay discovery based on the circumstances of this case. Staying discovery is a proper exercise of the Court's discretion. *See, e.g.*, *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (power to stay discovery lies within the sound discretion of the Court) (citing *Martinez v. Shock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)). A stay of discovery is especially appropriate where "resolution of a preliminary motion may dispose of the entire action." *Eggert v. Chaffee Cty., Colo.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *2 (D. Colo. Aug. 25, 2010) (citations omitted).

This Court generally considers five factors in determining whether to exercise its broad discretion to stay discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, *1 (D. Colo. Mar. 30, 2006). Those factors are: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*.

The *String Cheese* factors weigh strongly in favor of a stay. There is nothing in Roos' Complaint to suggest he would be prejudiced by a short delay that may result if

4

this Court stays discovery until it rules on Garrelts and Archuleta's Motion to Dismiss. Conversely, Garrelts and Archuleta will be harmed if this Court allows discovery to proceed while the Motion to Dismiss is pending. They would expend time, energy, and taxpayer money on discovery in a matter over which they maintain may not proceed beyond the pleading stage. A stay of discovery will also promote judicial economy by avoiding discovery disputes for a matter that may ultimately be dismissed on the pleadings in whole or in part. Finally, the interests of non-parties and the public in general will not be compromised if discovery is deferred until this Court determines whether Roos has plausibly pleaded claims for relief, since there is no indication that this matter is of concern to any non-parties or to the public. Given these circumstances, a stay of discovery and all related deadlines is appropriate.

## CONCLUSION

For these reasons, Garrelts and Archuleta respectfully move the Court to stay discovery and all other case deadlines pending resolution of their motion to dismiss.

Respectfully submitted on this 30th day of December, 2024,

PHILIP J. WEISER
Attorney General

*s/ Mark Lockefeer*
MARK LOCKEFEER*
Assistant Attorney General
ABIGAIL SMITH*
Senior Assistant Attorney General
Civil Litigation & Employment Section
*Attorneys for Robin Garrelts and Jessica Archuleta*

1300 Broadway, 10th Floor
Denver, CO  80203

5

Telephone: (720) 508-6000
FAX: (720) 508-6032
Email: Mark.lockefeer@coag.gov
Abigail.smith@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing Motion to Stay upon all parties herein by e-filing with the CM/ECF system maintained by the court on December 30, 2024 or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, on December 31, 2024 addressed as follows:

Joseph Roos #133382
Arkansas Valley Correctional Facility
12750 Hwy 96 at Lane 13
Ordway, CO 81034
*Pro Se Plaintiff*

**Courtesy Copy E-mailed to Client Representative:**
Anthony DeCesaro, CDOC

*s/ Jennifer Kaercher*